IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **2502851 ONTARIO LTD.,**<br><br>Plaintiff,<br><br>v.<br><br>**LABELPAC INTERNATIONAL LLC, and LABELPAC, INC.**<br><br>Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff 2502851 Ontario Ltd. states its claims of patent infringement against Defendant Labelpac International LLC as follows:

### The Parties

1. Plaintiff 2502851 Ontario Ltd. (f/k/a Ag-Tronic) ("**Ag-Tronic**") is an Ontario corporation with its principal place of business at 439 Silver Creek Industrial Drive, Lakeshore, Ontario, Canada N8N 4W2. Ag-Tronic is a world leader in the design, manufacture, and distribution of innovative solutions for total product automation, including print-and-apply label applicators to a wide range of goods, *e.g.*, for produce such as fruit.

2. On information and belief, Defendant Labelpac International LLC is a Michigan corporation with its principal place of business at 535 Griswold St. #111-514, Detroit, Michigan 48226.

3. On information and belief, Defendant Labelpac, Inc. is an Ontario corporation with its principal place of business at 4080-8 North Service Road East, Windsor, Ontario N8W 5X2. (Labelpac International LLC and Labelpac, Inc. are collectively referred to as "**Defendants**").

4. Defendants design, manufacture, and distribute print-and-apply label applicators for produce such as fruit.

### Jurisdiction and Venue

5. This is an action for patent infringement under the Patent Act, 35 U.S.C. § 271 *et seq.*

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the patent laws of the United States.

7. This Court has personal jurisdiction over Defendants. Defendants have conducted and do conduct business within the State of Michigan, with Labelpac International LLC a registered profit corporation in Michigan. Defendants, directly or through their respective subsidiaries or intermediaries (including distributors, retailers, and others), ship, distribute, offers for sale, sell, and advertise their products and services in the United States, the State of Michigan, and the Eastern District of Michigan. Defendants, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), have purposefully and voluntarily sold or offered for sale one or more of their infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Eastern District of Michigan. On information and belief, these infringing products and/or services have been used and offered for sale in the State of Michigan. Defendants have committed acts of patent infringement within the State of Michigan, including within the Eastern District of Michigan.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Defendants are subject to personal jurisdiction in the Eastern District of Michigan.

2

## Asserted Patents

9. On May 4, 2004, United States Patent No. 6,729,375 entitled Labelling Apparatus and Method (the "**'375 Patent**") and showing Peter C. Nielsen and Joseph Z. Sleiman as inventors was issued and assigned to Ag-Tronic. A copy of the '375 Patent is attached as **Exhibit A**.

10. On September 6, 2011, United States Patent No. 8,011,405 entitled Labeller (the "**'405 Patent**") and showing Joseph Z. Sleiman, Michael R. Schram, Douglas F. Lovegrove, and Bradley V. Allen as inventors was issued and assigned to Ag-Tronic. A copy of the '405 Patent is attached as **Exhibit B**.

11. Ag-Tronic is entitled to sue for past, present, and future infringement of each of the '375 Patent and '405 Patent (collectively, the "**Ag-Tronic Patents**").

12. At all times relevant to this litigation, Defendants had notice of the Ag-Tronic Patents, including based on the President and founder of Defendants Sumier Sleiman's notice of the Ag-Tronic Patents in the course of his previous employment with Ag-Tronic and Accu-Label, Ag-Tronic's sole distributor.

13. Defendants, without authority or license from Ag-Tronic, have infringed and are still infringing the Ag-Tronic Patents by making, using, importing, selling, or offering to sell infringing labelers, and Defendants will continue to do so unless enjoined by this Court. The infringing products include the Motohead Label Applicator, as embodied and set forth in certain website offerings and pictures attached as **Exhibit C** (the "**Infringing Product**").

14. On October 24, 2016, Ag-Tronic sent Labelpac a cease-and-desist letter based on its continued infringement of the Ag-tronic Patents.

3

## COUNT I: Infringement of the '375 Patent

15. Ag-Tronic incorporates by reference all preceding paragraphs.

16. On information and belief, Defendants, directly and through the actions of their employees, divisions, or subsidiaries, have infringed and continue to infringe the '375 Patent, including by making, using, offering for sale, selling, or importing the Infringing Product. Specifically, but without limitation, Defendants have offered for sale the Motohead Labeler set forth in Exhibit C.

17. Defendants' Infringing Product possesses all of the limitations of at least representative claim 19 of the '375 Patent, which states as follows (with the individual claim elements numbered):

> 19. A product labelling apparatus comprising:
>
> [19(a)] at least one flexible bellows having a retracted position and an extended tamping position;
>
> [19(b)] an air diffuser associated with each bellows, each air diffuser extending interiorly of an associated bellows from a base of said associated bellows toward a tamping end of said associated bellows, said each air diffuser having a central opening facing said tamping end of said associated bellows and at least one side opening facing a said of said associated bellows; and
>
> [19(c)] an air blocking member associated with said associated bellows for blocking said central opening of said each air diffuser when said associated bellows is in said retracted position.

18. Specifically, but without limitation, the Infringing Product includes elements 19(a)-19(c) as defined above, as shown in the picture of the Motohead labeler below:

4



(*See* Ex. C.)

19. Defendants' Infringing Product also infringes at least claims 20 and 21 of the '375 Patent. Through discovery and further investigation, Ag-Tronic may determine that additional claims are being infringed, and Ag-Tronic reserves the right to assert additional claims.

20. On information and belief, Defendants' infringement of the '375 Patent is and has been willful and deliberate, and further, Defendants' continued infringement after the receiving the October 24 letter from Ag-Tronic and the filing of this Complaint shall constitute willful and deliberate infringement of the '375 Patent.

21. As a result of Defendants' infringement of the '375 Patent, Ag-Tronic has been damaged in an amount not yet determined and will suffer additional irreparable damage unless this Court enjoins Labelpac from further infringement.

## COUNT II: Infringement of the '405 Patent

22. Ag-Tronic incorporates by reference all preceding paragraphs.

23. On information and belief, Defendants, directly and through the actions of their employees, divisions, or subsidiaries, have infringed and continue to infringe the '405 Patent, including by making, using, offering for sale, selling, or importing the Infringing Product. Specifically, but without limitation, Defendants have offered for sale the Motohead Labeler set forth in Exhibit C.

24. Defendants' Infringing Product possesses all of the limitations of at least representative claim 14 of the '405 Patent, which states as follows (with the individual claim elements numbered):

14. A labeler comprising:

[14(a)] a frame for supporting a plurality of labelling components;

[14(b)] a rotatable turret mounted to said frame, said turret rotatable about a turret shaft extending from said frame;

[14(c)] a plurality of tamping bellows supported on said turret, said bellows including a tamping face that is moveable between a retracted position and an extended tamping position;

[14(d)] a label wheel mounted on said frame, said label wheel capable of supporting a label web, said label web including a release liner and a plurality of labels attached to said release liner;

[14(e)] a peel plate mounted to said frame adjacent to said tamping bellows, said peel plate including an upper surface, a lower surface and a terminal end, wherein said label web can be drawn around said terminal end to separate said labels from said release liner;

[14(f)] a drive wheel mounted to said frame, said drive wheel mechanically linked to said rotatable turret such that said turret and said drive wheel move in time with each other, said drive wheel capable of pulling said label web along a label path from said label wheel and around said terminal end of said peel plate; and

[14(g)] a print mechanism mounted to said frame, said print mechanism positioned adjacent said label path between said label wheel and said peel plate

6

such that said print mechanism is capable of printing a desired print material on said labels as they pass from said label wheel to said peel plate.

25. Specifically, but without limitation, the Infringing Product includes elements 14(a)-14(f) as defined above, as shown in the picture of the Motohead labeler below:



(*See* Ex. C.)

26. Defendants' Infringing Product also infringes at least claims 16, 17 and 18 of the '405 Patent. Through discovery and further investigation, Ag-Tronic may determine that

7

additional claims are being infringed, and Ag-Tronic reserves the right to assert additional claims.

27. On information and belief, Defendants' infringement of the '405 Patent is and has been willful and deliberate, and further, Defendants' continued infringement after the receiving the October 24 letter from Ag-Tronic and the filing of this Complaint shall constitute willful and deliberate infringement of the '405 Patent.

28. As a result of Defendants' infringement of the '405 Patent, Ag-Tronic has been damaged in an amount not yet determined and will suffer additional irreparable damage unless this Court enjoins Labelpac from further infringement.

## Request for Relief

WHEREFORE, Ag-Tronic respectfully requests the following relief:

A. Judgment that Defendants infringed the Ag-Tronic Patents;

B. Permanently enjoin Defendants, as well as their officers, agents, directors, employees, attorneys, and all persons acting in concert or participation with them, directly or indirectly, from further infringing the Ag-Tronic Patents.

C. An award of damages adequate to compensate Ag-Tronic for Defendants' infringement, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

D. Enter an order trebling damages awarded to Ag-Tronic by reason of Defendants' willful infringement of the Ag-Tronic Patents as provided under 35 U.S.C. § 284;

E. Enter an order awarding Ag-Tronic interest on the damages awarded and its costs pursuant to 35 U.S.C. § 284;

F. Enter an order finding that this is an exceptional case and award Ag-Tronic its reasonable costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.  Award such other relief as the Court may deem appropriate and just under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

/s/ R. Michael Azzi
Homayune Ghaussi (P63028)
R. Michael Azzi (P74508)
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503
Telephone: (616) 752-2000
Fax: (616) 222-2736
Email: razzi@wnj.com

*Attorneys for Plaintiff*

15123170-3